In the District Court of the United States
For the District of South Carolina
BEAUFORT DIVISION

| | | |
|---|---|---|
| Curtis L. King, #273504, | ) | |
| | ) | Civil Action No. 9:07-0104-TLW-GCK |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Warden McCormick Correctional | ) | **OF THE MAGISTRATE JUDGE** |
| Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

## I.    INTRODUCTION

The Petitioner, Curtis L. King ("Petitioner" or "King"), a state prisoner proceeding without the assistance of counsel, seeks *habeas corpus* relief under Title 28, United States Code Section 2254.  By definition, the relief which he seeks must be based upon a finding that he is being illegally detained in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2241(c)(3).  This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of Title 28, United States Code, Sections 636(b)(1)(A) and (B), and Local Civil Rules 73.02(B)(2)(c) and (e), D.S.C.  The Respondent has filed a motion for summary judgment.  [18]  As this is a dispositive motion, this Report and Recommendation is entered for review by the District Court.

## II.    *PRO SE* PETITION

Petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (*per curiam*); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F. 2d 1291 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied, Leeke v. Gordon*, 439 U.S. 970 (1978).  Under established local procedure in this judicial district, a careful review has been

made of the *pro se* Petition herein pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, Title I, § 104, 110 Stat. 1214. This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995) (*en banc*), *cert. denied*, 516 U.S. 1177 (1996); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

*Pro se* pleadings are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a complaint or petition filed by a pro se litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *and Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir.1975). Even under this less stringent standard, however, the *pro se* complaint nonetheless may be subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999). Likewise, a court may not construct the plaintiff's legal arguments for him (*Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993)) or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Rice v. National Security Council*, 244 F.Supp. 2d 594, 596 (D.S.C. 2001), *citing Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

### III.    PROCEDURAL HISTORY IN STATE COURT

### A.  Proceedings in the Court of General Sessions

The Petitioner was indicted at the September 2000 term of the Greenville County Grand Jury for Armed Robbery (2000-GS-23-6736) and at the February 2001 term for Attempted Armed Robbery (2001-GS-23-1171).  He was represented by John Maudlin.  On March 13, 2001, he proceeded to trial before the Honorable H. Dean Hall and a jury.  On March 14, 2001, he was found guilty of the charges and Judge Hall sentenced him to confinement for periods of twenty-five (25) years and twenty (20) years, concurrent.

A timely Notice of Appeal was filed.  On appeal, the Petitioner was represented by Wanda H. Haile of the South Carolina Office of Appellate Defense.  On June 13, 2002, a Final *Anders* Brief of Appellant and Petition to be Relieved as Counsel was filed raising the following arguable issue:

> The lower court erred in allowing the state to exercise a peremptory challenge in a discriminatory manner.

(Tab # 5, App. 254)  The Petitioner made a "Pro Se Brief of Appeal" on January 6, 2003 (Tab #5, App. 262) asserting the following arguments:

> 1. Did the jury errored [sic] in eyewitness identification which is unreliable because of suggestiveness?  Did the jury errored [sic] in the steps [which] took place to recognize defendant?
>
> 2. Did the jury error inconsistent to establish property?
>
> 3. Did the jury error in the clearly implied to jury appellant had record prior with the marking on it before trial?
>
> 4. Did the judge error that the state must prove machine in proper working order?
>
> 5-8. Did jury error in the proof of chain of custody?
>
> 5-8. Did the judge error when he agreed that there have to be three known signature known to convict?
>
> 5-8. Did the court prove the item was the [item] actually tested?

9. Did the jury error in proven at sentencing and not at trial?

10. Did the court error in the transcript not [being] fully recopied?

11. Did the court abuse indictments failing the essential element of intent to permanently deprive which is subject-matter jurisdiction?

Pro Se Brief of Appeal, Tab #5, App. 263.  The South Carolina Court of Appeals affirmed Applicant's conviction and sentence.  *State v. King*, Op. No. 2003-UP-065 (S.C. Ct. App. filed January 22, 2003) (Tab #5, App. 270-271)  The remittitur was entered on April 29, 2003. (Remittitur letter dated April 29, 2003 attached to return).

## B.  Petitioner's Application for Post-Conviction Relief

The Petitioner, acting *pro se*, made a application for post-conviction relief ("APCR") on February 13, 2003 (Tab #5, App. 272) which raised the following grounds for relief:

I.     Ineffective Assistance of Counsel.

The Applicant was convicted at trial after counsel failed to adequately prepare for the trial.  Applicant was deprived [of] due process as a result of counsel's ineffectiveness.

1.     My trial attorney failed to object to prejudicial in court identifications of the applicant.

2.     My trial attorney failed to conscientiously discharge his professional responsibilities while he was handling my case.

3.     My trial attorney failed to act as my diligent conscientious advocate.

4.     My trial attorney failed to object to the solicitor's peremptory strikes of potential jurors during jury selection.  *Batson v. Kentucky*.

5.     My trial attorney failed to object to the trial court's failure to instruct the jury of a lesser included offense.

6.     My trial attorney negliected the necessary investigations and preparations of my case.

7.     My trial attorney failed to investigate potential alibi witnesses in my defense.

8.     My trial attorney failed to object to prejudicial evidence at trial.

9.     My trial attorney failed to conscientiously gather information to protect my rights.

10.     My trial attorney did not subject the prosecution's case to any adversarial testing.

11.     My trial attorney failed to pursue any of the legal recourse that was available to him.

12.     My trial attorney failed to allow witnesses to testify in my behalf during sentencing in order to demonstrate that the applicant had good character.

13.     My trial attorney failed to object to the witnesses identification as being 'unduly suggestive' considering the lapse of time of the crime and the identification.

14.     My trial attorney failed to obtain information of the individual suspect visually seen wearing the victim's property.

15.     My trial attorney failed to object to the photographic line up being utilized by investigating officials as unduly suggestive and extremely prejudicial.

16.     My trial attorney failed to ascertain reasonable information regarding the unnamed suspect who initially identified the applicant as the perpetrator of the crime.

17.     The attorney that represented me on this charge in court failed to function as the counsel that the Constitution's Sixth Amendment guarantees.  (Tab #5, App. 277)

II.  Deprivation of Due process.

PCR Application (Tab #5, App. 277-279)

The State made its Return on May 15, 2003.  (Tab #5, App. 281-284)  An evidentiary hearing was held on December 3, 2003, at the Greenville County Courthouse before the Honorable J. Michael Baxley, Presiding Circuit Judge.  (Tab #5, App. 285-326)  The Petitioner was present and was represented by Michael Barcroft, Esquire.  The State was represented by Assistant Attorney General Christopher L. Newton.  At the hearing, the Petitioner testified on his own behalf.  (Tab #5, App. 289-304)  Testifying on behalf of the State was King's trial counsel, John Mauldin, Esquire.  (Tab #5, App. 304-317)  The PCR Court also had before it a copy of the transcript of the proceedings against the Applicant, the records of the Greenville County Clerk of Court and the Applicant's records from the South Carolina Department of Corrections.  At the conclusion of the hearing, Judge Baxley orally

denied the application.  (Tab #5, App. 323-325)  A written order was entered on February 6,

2004.  (Tab #5, App. 329-335)  In the written order denying state post-conviction relief, the

PCR Court held, in pertinent part:

### DISCUSSION OF THE FACTS

At the hearing, Applicant testified concerning various issues in the case.  He stated that his trial counsel failed to object to the in-court identification of him as well as a suggestive photo lineup from which he was chosen.  He stated he had asked trial counsel to call two important witnesses in the case and counsel failed to do so.  The first of these was a physician who treated Applicant's recent gunshot wound and who would testify that Applicant's wounded arm would have rendered him unable to commit this crime.  Further, an employee named "Chocolate" from Godiva's Strip Club could testify about what time Applicant left Godiva's the evening of the crime, providing an alibi for him.

Applicant claimed that trial counsel should have raised the Solicitor's failure to call the case for trial within one hundred and eighty days of his arrest and should have challenged the indictments because Applicant believed they cited the wrong statute and were not properly filed with nor "stamped" by the clerk of court.  Further, the Applicant alleged that the element of "intent" should have been specifically included in the indictments, and thus they were insufficient.  He also stated that the pawn ticket used against him at trial was not properly authenticated.  Applicant claimed that he had won (or purchased) the stolen merchandise during a dice game with people named Eddie and "Abbo".  He also wanted his trial counsel to call them as witnesses as well, but did not know their full names, and alleged that counsel was ineffective for not finding them.  Finally, Applicant stated that he had discussed plea offers for Strong Armed Robbery, but he did not want to give up his "rights,", and that he didn't get enough time to consult with his family during trial and preparation for trial.

Trial counsel John Mauldin testified that Applicant had rejected the plea offers, even though he had worked out an arrangement whereby Applicant would have been able to serve a YOA sentence to reduced charges that, when credited with pre-trial detention, would have resulted in only minimal additional incarceration.  Counsel "despaired" that the Applicant had refused to accept the plea offer, which was clearly in his best interests and which counsel strongly suggested Applicant accept.  The evidence against the Applicant was substantial, as the judge had allowed the identification evidence after a hearing, pending the testimony on the various factors of identification.  Trial counsel stated, in his legal opinion, the appropriate factors for identification admissibility had been proven by the prosecution, and he could not prevent the identification evidence from being allowed by the Judge.  Thereafter, the victims clearly and credibly identified Applicant in court.

Counsel testified he went to great lengths to locate the witnesses "Chocolate", Eddie, and Abbo, even going to the strip club and talking with employees, as well as canvassing the neighborhood where the dice game allegedly occurred, but no one knew such persons.

### DISCUSSION OF THE LAW

In a PCR action, the Applicant has the burden of proving the allegations in the application. Rule 71.1(e), SCRCP; *Butler v. State*, 286 S.C. 441, 334 S.E.2d 813 (1985). Where ineffective assistance of counsel is alleged as a ground for relief, the Applicant must prove that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 692 (1984); *Butler, Id*.

The proper measure of performance is whether the attorney provided representation within the range of competence required in criminal cases. Courts presume that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Butler, Id*. The Applicant must overcome this presumption to receive relief. *Cherry v. State*, 300 S.C. 115, 386 S.E.2d 624 (1989).

Courts use a two-pronged test in evaluating allegations of ineffective assistance of counsel. First, the Applicant must prove that counsel's performance was deficient. Under this prong, attorney performance is measured by its "reasonableness under professional norms." *Cherry*, 300 S.C. at 117, 385 S.E.2d at 625, *citing Strickland*. Second, counsel's deficient performance must have prejudiced the Applicant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Cherry*, 300 S.C. at 117-18, 386 S.E.2d at 625.

### FINDINGS OF FACT AND LAW

This Court does not find the Applicant's testimony on the issues in this case to be credible. Trial counsel's testimony is credible. This Court finds that trial counsel did attempt to locate the witnesses requested, but was unable to locate them because Applicant did not provide any last names or other sufficient identifying information. Applicant's claim about the physician witness has no merit. Second, Applicant's claim about the "180 day rule" is not meritorious, as that rule provides no remedy for defendants in event of violation, and has no bearing on the jurisdiction of the court. Third, this Court finds no errors in the indictments. "Intent" is implicit in the language of the indictments, as it is in the term "robbery". The indictments cite the correct statutes. There are no errors on the face or in the text of the indictments that would have any effect on the court's jurisdiction. Finally, the lineup and the identification were allowed by the trial judge after a contested hearing on their admissibility, pending testimony on the various factors regarding admission. (TR pp. 23-33). Trial counsel believed those factors had been met and this Court finds nothing objectionable nor improper in the identification procedures.

Sadly, this case provides a prime example of what may happen when a defendant chooses to disregard the advice and counsel of his attorney, who is most competent and well experienced in these matters, and in the fact of overwhelming evidence reject a plea offer that would have resulted in minimal YOA incarceration. . . . Clearly, there is no evidence whatsoever of ineffective assistance of counsel in this case; to the contrary, counsel's efforts were superior in investigating this case and ultimately arranging the plea deal that was rejected by Applicant, as well as in contesting the State's case as best as possible under the circumstances during trial.

> Given the above findings, the Applicant has failed to carry his burden of proof.  Trial counsel's performance did not fall below reasonable professional standards.  Further, there is no reasonable probability that, but for the alleged errors, the result of the trial would have been different.  This application must therefore be denied and dismissed.  (Tab #5, App. 330-334)

The Petitioner timely filed a notice of appeal from Judge Baxley's Order of Dismissal. Aileen P. Clare, Esquire of the South Carolina Office of Appellate Defense, was appointed to represent Petitioner in his PCR appeal.  On December 13, 2004, Attorney Clare made a *Johnson* Petition for Writ of Certiorari and a petition to be relieved as counsel.  In the Petition, Attorney Clare asserted one ground for relief:

> Was counsel ineffective for failing to timely object to a suggestive in-court identification and related photographic lineup?

*Johnson* Petition, p. 2.  The Petitioner made a *pro se* response on January 13, 2005, styled "Motion to Cause Petition Pro se"  (Tab #4), in which he asserted the following issues:

> A.  Should the judge have to address all issues on Application for P.C.R.?
>
> B.  Did the judge address the issues of the witness of the signature and proof of chain of custody?
>
> C.  Was the Judge abusing his discretion in not disqualifying himself?
>
> D.  Was anything wrong with the statue? [sic]

On January 19, 2006, the South Carolina Supreme Court entered its Order denying the petition after review pursuant to *Johnson v. State*, 294 S.C. 310, 364 S.E.2d 201 (1988).  *King v. State*, Order (S.C. S.Ct. January 19, 2006).  (Tab #6)  The Remittitur was sent to the Greenville County Clerk of Court on February 6, 2006.  (Tab #7)

On January 4, 2007, the Petitioner filed a pro se petition for a writ of habeas corpus in Greenville County Circuit Court.  *King v. State*, 2007-CP-23-0054.  (Tab # 8)  In this state court petition for habeas corpus relief (the "State Habeas Petition"), King raised the following issues:

> 1. Why was not this case proven at trial , but at sentencing?
>
> 2. Was a test done on any of the evidence?

3. How could a 'mug shot' with no prior record , but with the victim's initials be use[d] in the photo lineup a year later still be sufficient at aiding the jury?

4. Why? Can all standard be met in a misidentification still be admitted?

5. How may defendant be indicted with information still being elicit[ed]?

6. Where does it stop, when attorney's not prepared because of failure to fully disclose motion of discovery?

7. When property is insufficient to establish identity, how's it admitted?

8. Why is there a proof of chain of custody?

9. How is there involved testimony and trial refuse to admit witness's knowledge?

10. Where are the statute or rule of evidence fall under?

11. Why is the witness of signature excluded?

12. Where is the rule or law that excluded defendant's evidence?

13. Is the supremacy clause really what it quotes.

Pro Se Petition (Tab #8, p. 2)

The Respondents made a motion to dismiss on February 16, 2007 (Tab #9), claiming that the State Habeas Petition was procedurally barred under *Simpson v. State*, 329 S.C. 43, 495 S.E.2d 429 (1998) and *Keeler v. Mauney*, 330 S.C. 568, 500 S.E.2d 123 (Ct. App. 1998) because the Petitioner should have raised the matters contained in the State Habeas Petition in his PCR proceedings.  On February 22, 2007, the Honorable D. Garrison Hill, Presiding Judge, entered a "Conditional Order of Dismissal" concluding that Petitioner was jurisdictionally barred from raising his State Habeas Petition claims in Circuit Court.  (Tab #10)  On March 7, 2007, the Petitioner filed an opposition to the Conditional Order of Dismissal.  (Tab #11)  On May 10, 2007, the Honorable D. Garrison Hill, Chief Administrative Judge, entered a Final Order of Dismissal with prejudice (Tab #12), reasoning that "[a] person is procedurally barred from petitioning the circuit court for a writ of habeas corpus where the matter alleged is one which could have been raised in a PCR application."

*Keeler v. Mauney*, 330 S.C. 568, 571, 500 S.E.2d 123, 124 (Ct. App. 1998).  Furthermore, King had raised issues that were cognizable under the Uniform Post Conviction Procedure Act, S.C. Code Ann. §§ 17-27-10 to 120, which matters "must be raised in PCR application, and may not be raised by a petition for a writ of habeas corpus before the circuit or other lower courts."  (Tab #12, Final Order of Dismissal at p. 2, citing *Al-Shabazz v. State*, 338 S.C. 354, 365, 527 S.E.2d 742, 748 (2000)).  Thus, Judge Hill held that King's State Habeas Petition was barred because it raised matters that were cognizable in a state post-conviction relief action.  (Tab #12, Final Order of Dismissal, p. 2)  The Respondent has informed the court that as of the time it filed its Return and Memorandum on May 21, 2007, no appeal from the dismissal had been taken.

## IV.  FEDERAL COURT HISTORY

### A.  Petitioner's Petition for a Writ of Habeas Corpus

King is presently confined to the McCormick Correctional Institution of the South Carolina Department of Corrections ("SCDC").  King filed this Petition for a writ of habeas corpus (the "Petition") on February 2, 2007 against the Warden of McCormick Correctional Institution (the "Respondent").[1]  [1]

The Petition set forth the following grounds for relief:[2]

> I. Conviction obtained by use of coerced confession.
> >  A.  King asked trial counsel if he forgot to check into his arm injury that occurred before robbery.  Counsel stated he took care of the because there was a bullet that went through his arm, which place King in no condition to rob month or two later passing computer class with one hand though petitioner is

_____

[1]    King has the benefit of the holding in *Houston v. Lack*, 487 U.S. 266 (1988) with respect to the "delivery" date of his Petition.  [7]  King mailed an unsigned petition to the court in early January 2007 and delivered a signed petition to the McCormick Correctional Institution mailroom on February 2, 2007.

[2]    King's initial pleading (which was unsigned) and his signed Petition, filed with the court on February 2, 2007, set forth slightly different arguments.  The Respondent has "blended" the language of these pleadings, and the court finds that the issues set forth in the Respondent's brief accurately distills the Petitioner's language into a cohesive whole.  Therefore, the court will use in this Report and Recommendation the Respondent's articulation of the Petitioner's grounds for *habeas corpus* relief.

a lefty at the South Side High School making error in most of his classes, the Memorial Hospital shall reflect the foundation where excluding isn't possible.

II. Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

A. Due process in proof of chain of custody, linking to the length of the command as evidence , still unknown who he got the pawn ticket from tampering or altering during the chance it was, then there was an argument and compromise in the machine not in proper working order to pass test of admission of evidence and aiding to the jury.

III. Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

A. Surprising at trial the attempted armed robbery against Gambrell only got in at trial after King was already indicted then informations put together to convict.

A. Surprising at trial 1) Prosecution knew before hand there was a person claiming to be victim along with McCombs had been in custody since(1/25/00), 2) it was done attentive in the delay of indictment (2/20/01)(Gambrell never was tried to pick out at photo lineup to cause effect, 3) officer at scene don't recall (Tr.p. 80, l. 7), 4) Gambrell is the victim of same place and time McCombs is victimized, 5) putting informations together to convict prejudicial tainted in court out of court identification.

IV. Denial of Right to Appeal.

A. Mr. King the accuser as well as Atty. John I. Mauldin himself, Atty. Michael Barcroft and the court as well as Atty. Assistant Appellate Defender Aileen Clare pronounce trial atty. Mauldin abandon [King], overlook King the accuser of a fair trial [ and on appeal] , for one let a ring be admitted as ownership in evidence without no receipt or any documentation, under no state rule or law does it fall under. See also (Ground X, p. 6).

V. Denial of Effective Assistance of Counsel

A. Trial Attorney Mauldin let ring be admitted without going into the requirement that the victim needs to admit, without documentation.  (Ground 9, p. 6).

A. Pawn ticket admission (SIC) without fully correct copy of I.D. or witness of signature , likewise a ring admitted without documentation.

VI. Abusing Indictment Obtaining Conviction.

A. Under Due Process the essential element of intent to permanently deprive is require to deem worthy. Also Ground Eleven, p. 6.

VII. Affidavit at PCR Hearing of Victims.

A. Victims that accuser is accused of said passing the judge ear that they miss the accuse King, but its not recorded in the transcript.  Also Ground 13, p. 7.

VIII. Conviction obtained by action of a grand jury or petit was unconstitutionally selected and impaneled.

       A. Counsel neglected to let accuse aware he could pick a jury.

       A. Counsel neglect to let accuse aware of all requirements in picking a jury letting prosecution pick favorable jury.

IX. Prejudicial Transcript (Ground 12, p. 7).

       A. Mauldin request mistrial which was never published in transcript.

On February 16, 2007, the undersigned issued an Order which authorized service on the Respondent, apprised the Respondent of certain deadlines, and notified King of the change of address rule. [8] After the Respondent requested and received several extensions from the court, on May 20, 2007, the Respondent filed a Motion for Summary Judgment [18] and a Return and Memorandum of Law in Support of Motion for Summary Judgment (the "Return"). [17]

The undersigned issued an Order on May 21, 2007, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), notifying King of the summary judgment dismissal procedure and the possible consequences if he failed to respond adequately to the Respondent's Motion for Summary Judgment.[3] [19] On June 22, 2007, King filed a response in opposition to the Respondent's Motion for Summary Judgment. [20] As the issues have been joined, this case is ripe for review by the undersigned United States Magistrate Judge.

## B. Application of the Antiterrorism and Effective Death Penalty Act of 1996

King filed his initial unsigned petition on January 11, 2007 and filed a signed Petition on February 2, 2007. Therefore, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") apply to this case. *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir.), *cert. denied*,

---

[3] The explanation to the *pro se* litigant is required by *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), which was a civil rights case. The same procedure has been held to apply in federal *habeas corpus* cases under *Webb v. Garrison*, No. 77-1855 (4th Cir., decided July 6, 1977).

521 U.S. 371 (1998); *Green v. French*, 143 F.3d 865 (4th Cir. 1998), *cert. denied*, 525 U.S. 1090 (1999). This court has reviewed the pleadings and various documents filed by the Petitioner and has determined that the Petition is timely under the AEDPA.[4]

## V.  DISCUSSION OF PETITIONER'S ISSUES

In his first allegation, he contends that his conviction was obtained by the use of a coerced confession. The record reveals that no confession was introduced at trial against the Petitioner. (Tab #5, App. 1-141) Because no confession was introduced against the Petitioner, his initial constitutional claim is wholly frivolous because it is not based upon fact and is unsupported by the record.

The Petitioner claims in the factual basis portion of his petition that the issue was raised in his state PCR action from the witness stand. He asserts that he was shot in the forearm and could have called doctors and Chocolate from the strip club (Godiva's) to show the time frame he left the club in support of his alibi. (Tab #5, App. 293-294) This factual basis does not support a constitutional claim that he gave a coerced confession.[5] There is no

---

[4]     The Petitioner's conviction became final on the entry of the remittitur on April 29, 2003. At that time, the time had run for filing a certiorari petition in the South Carolina Supreme Court which similarly foreclosed certiorari to the United States Supreme Court. Prior to the remittitur, the Petitioner next filed a pro se application for post-conviction relief on February 13, 2003. The AEDPA's statute of limitations tolled during the entire pendency of the PCR proceedings until the remittitur was entered on February 8, 2006. The federal habeas corpus action initially was received on January 11, 2007 and a signed copy was filed on February 2, 2007 (*Houston v. Lack* date). The Respondent concedes, and this court agrees, that the Petition is timely.

[5]     This issue was raised as an ineffective assistance of counsel claim concerning the failure to locate and present witnesses. The state court concluded that trials counsel's testimony was credible and concluded that counsel did attempt to locate the witnesses requested, but was unable to locate them because he did not have their full names. (Tab #5, App. 333-334) At the trial, King testified that he was in Godiva's Strip Club from 8:30 until 12:30. (Tab #5, App. 154-155, 165) He asserted in his alibi defense that after that he went to "Vickies" to smoke marijuana with him. App. 156-157. However, King testified that she never came to the door, so he then smoked some marijuana on his own. App. 156-157. He described it as smoking into a daydream and came to his senses about daylight. App. 167. He claimed he hung out there and mellowed out and then heard a walkie talkie and clean up crew and saw the apartment manager and was told to leave and he would be on trespass the next time and went down toward the pool when he found a dice game going on. App. 158 App. 158-159.

available remedy to assert the constitutional claim where evidence of a statement was never introduced.  The matter is procedurally barred under *Coleman v. Thompson*, 501 U.S. 722, 732 (1991).

In his second claim, he asserts that his conviction was obtained as a result of an unconstitutional search and seizure.  During the trial a ring was introduced which was identified as stolen from the victim.  (App. 61, 92)  A pawn ticket was introduced, without objection, State Exhibit 5, from Fast Cash Pawn Shop.  (App. 89)  The evidence was that the pawn ticket was signed by Curtis King who sold a cluster ring and link necklace to the Pawn Shop.  The pawn ticket included information such as King's South Carolina ID number, and a description of his race, height, hair, and eye color, his birth date, and his social security number from his ID.  (App. 90)  The defense had no objection to the introduction of the ring. (App. 91-92)  The signature on the pawn ticket was identified as being similar to Curtis King's signature.  (App. 106-107)

The Petitioner asserts that this claim was raised at the PCR hearing.  However, the record does not support his allegation that this claim was addressed at the hearing or preserved for state PCR review.  Therefore, the issue must be denied.  *See Plyler v. State*, 309 S.C. 408, 424 S.E.2d 477 (1992) (issue or argument which is neither raised at PCR hearing nor ruled upon by the PCR court is procedurally barred from appellate review); *Hyman v. State*, 278 S.C. 501, 299 S.E.2d 330 (1983) (same).  The failure to object to the introduction of the evidence acts as a waiver of his right to bring federal habeas corpus on the claims.

---

Evidence at the trial revealed that the armed robbery had occurred around 4 am when McCombs got a flat tire on his way home from a club.  App. 53.

Attorney Mauldin testified that he attempted to locate Chocolate at the strip joint with his investigator, but was advised that she had not been there for a number of months and her whereabouts were not known.  App. 306.  However, counsel stated that even if they had located her, her connection was in the period of time on Saturday night which would have been before the time of the robbery.  App. 306.  The court orally denied relief on this basis as well as in the written order.  App. 324.  This finding of fact that counsel attempted to locate the witness carries a presumption of correctness under 28 U.S.C. Section 2254 (e).

*Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977) (contemporaneous objection rule acts as a procedural bar). The failure to object bars this claim from habeas where cause and prejudice are not proven, and therefore it is recommended that the second claim be dismissed.

In Petitioner's third claim, he contends that there was a failure by the prosecution to disclose evidence favorable to the defense. King contends that the identity of the second victim, Kendrick Gambrell, was not disclosed. As a threshold matter, this claim is completely without merit, because Indictment 2001-GS-23-1171 described Kendrick Gambrell as the victim of the attempted armed robbery. (App. 323-344) Moreover, the record reveals that Deon McCombs testified that he was with Kendrick when the robbery occurred. (App. 57) Kendrick Gambrell also testified that testified that he was present at the robbery because he had received a call from McCombs after he received a flat tire at 3:45. (App. 123) He described the robbery and the fact that the Petitioner pointed a gun at him also, but he did not reveal that he had anything in his possession to give because his money was hidden. (App. 124, 126)

At trial, attorney Mauldin claimed that evidence that Gambrell had given a description to the police had never been revealed before. (App. 129) The solicitor asserted that they had not heard about any notes previously. (App. 131) However, when the description was revealed, attorney Mauldin stated that he had not been prejudiced by the information that the perpetrator was a young man about 6'3", had a black coat with a hood, had a black stocking cap and dark black blue jeans. (App. 132) Also a review of the police report revealed a two page report concerning victim One and victim Two and did not reveal which victim made the similar description. (App. 133) The counsel failed to object, seek to strike the testimony and seek other curative measures. At the PCR hearing, Counsel Mauldin testified about the fact that the supplemental incident report did list Gambrell and he reviewed other records he had received from the State that also indicated a description but not who filled it in. (App.

320-321)  There is no showing that the state failed to disclose any material exculpatory

information or documents.  *See Kyles v. Whitley*, 514 U.S. 419, 437, 115 S.Ct. 1555, 131

L.Ed.2d 490 (1995); *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

Further, counsel concluded that the description given to the police by Gambrell was

consistent with the police report and did not prejudice him.  The Petitioner failed to show that

confidence in the verdict was undermined where counsel abandoned any objection.  Under

*Wainwright v. Sykes*, the abandonment of any objection bars federal habeas relief.  Therefore,

it is recommended that Petitioner's third claim should be denied.

　　　　In his fourth claim, he asserts a "denial of an appeal."  This allegation is wholly

frivolous because, as mentioned above, there was a direct appeal in this case.  His assertions

set out as a factual basis are rambling, vague and ambiguous and do not establish any factual

basis in support of his constitutional claim and it is recommended that it be dismissed as

lacking sufficient particularity under FCRP Rule 12(e).

　　　　In his fifth claim, Petitioner asserts that he was denied the effective assistance of

counsel and complains about the fact that counsel allowed the admission of the pawn ticket

without a correct copy or witness of his signature.  The record reveals, as set forth above, the

admission of the pawn ticket and circumstantial evidence about the information on the ticket

identifying the Petitioner.  Further, the ring connected to the pawn ticket was identified by the

victim who also identified the Petitioner.[6]  The signature on the ticket was compared to the

drivers license I.D. for the Petitioner.  (App. 106)  Significantly, the Petitioner admitted that

he sold a chain and ring to the pawnshop.  (App. 162-163)  He also admitted that it was his

signature on the ticket.  (App. 169)  This claim of ineffective assistance of counsel is

---

[6]　　Mauldin testified that there was no question that the item pawned was a fruit of the robbery.  (App. 310)

frivolous because it was evidently a strategic determination made at the time of trial, and it is recommended that it be dismissed.[7]

In his Sixth claim, he asserts that the indictment was inadequate.[8]  The state PCR court orally rejected this claim, stating "I have reviewed the indictments and don't find there to be any issue about subject matter jurisdiction or failing to be too vague or indefinite."  (App. 296-297)  Therefore, this issue is exhausted.  (App. 324-325)  It appears that Petitioner claims that the indictment was defective because it did not include the language "with intent to permanently deprive."  In *Broom v. State*, 351 S.C. 219, 569 S.E.2d 336 (2002), the South Carolina Supreme Court held, pre-*State v. Gentry*, that as a matter of state law that a trial court had subject matter jurisdiction over armed robbery charge, even though indictment failed to allege that defendant intended to permanently deprive the store owner of property, as intent to permanently deprive was implicit in definition of armed robbery.  Specifically it stated that there is no requirement that an armed robbery indictment contain an allegation of an intent to permanently deprive the owner of the property.  Robbery is defined as the felonious or unlawful taking of money, goods, or other personal property of any value from the person of another or in his presence by violence or by putting such person in fear.  *State v. Drayton*, 293 S.C. 417, 361 S.E.2d 329 (1987), *cert. denied*, 484 U.S. 1079, 108 S.Ct. 1060, 98 L.Ed.2d 1021 (1988).  Armed robbery occurs when a person commits robbery while armed with a deadly weapon.  *Id.;* S.C. Code Ann. § 16-11-330.  Respondent contends, and this court agrees, that the indictments adequately set out the crimes of armed robbery or attempted armed robbery.  *See Broom v. State*.  Thus, this is a matter of state law, not federal law and

---

[7]    A review of the transcript of the state PCR hearing reveals that this issue was not addressed in the PCR order.  The failure to pursue a claim or seek to amend the order to address the issue precludes review of the matter in a PCR appeal and therefore this issue must be denied as procedurally barred.  *See Hyman v. State, supra; Coleman v. Thompson, supra.*

[8]    The two indictments are set out at App. 338, 344.

the state court is the final arbiter on matter of state law, especially matters related to its own jurisdiction and procedure.  Habeas corpus relief is only available to a state inmate "only on the ground that he is in  custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a). "[F]ederal habeas corpus relief does not lie for errors of state law."  *Estelle v. McGuire*, 502 U.S. 62, 67 (1991).  Accordingly, "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."  *Id.*, 502 U.S. at 67-68. The Petitioner has not alleged or shown that his conviction violates federal law.

        In addition, Petitioner's assertions are not cognizable in a federal habeas action because the Fifth Amendment requirement of indictment by grand jury does not apply to the states.  *See Alexander v. Louisiana*, 405 U.S. 625, 633, 92 S.Ct. 1221, 31 L.Ed.2d 536 (1972) ("federal cases involving indictments are of little value when evaluating the sufficiency . . . of a state accusatory pleading"); *Wilson v. Lindler*, 995 F.2d 1256, 1264 (4th Cir.) (Widener, J., dissenting), adopted, 8 F.3d 173, 175 (4th Cir. 1993) (en banc) (per curiam); *see Wilson*, 995 F.2d at 1264 n. 6; *Ashford v. Edwards*, 780 F.2d 405 (4th Cir. 1985) (deficiency in state court indictments are not ordinarily the basis for habeas relief unless deficiency made trial fundamentally unfair).  Therefore, it is recommended that this claim be dismissed.

        In his seventh allegation, Petitioner appears to claim that there was an "affidavit at PCR hearing of victims."  First, this issue was not raised at the PCR hearing.  Petitioner states that evidence of this claim is not recorded in the transcript; indeed, a review of the record of the PCR hearing does not reveal the admission of any affidavit.  (App. 286-326)  This claim lacks any particularity, based upon this record to allow the Respondents to reasonably address his claim, and under Rule 12(e), it is recommended that it be dismissed.  To the extent that Petitioner appears to assert that there was an irregularity at the PCR hearing, it is well-settled that infirmities in a state post-conviction relief hearing are not a ground for federal habeas corpus relief.  *Bryant v. Maryland*, 848 F.2d 492 (4th Cir. 1988).  As another ground to

recommend dismissal of this issue, since there is no right to counsel in a state collateral attack on a conviction, any alleged attorney errors at a state post-conviction relief hearing will not support a cognizable claim for federal habeas corpus relief. *Coleman v. Thompson*, 501 U.S. 722 (1991).

Next, the Petitioner contends that his conviction was obtained by an unconstitutionally selected grand or petit jury because his counsel failed to advise of his right to pick his jury and letting the prosecution pick a favorable jury. The record of the jury qualification is set out in the record. (App. 7-19) No objections were made to the selection of the panel. (App. 18) The Petitioner was present during the selection process. (App. 7, lines 17-19) Petitioner raised no issues at trial concerning jury selection and the asserted issues was therefore not preserved for appellate review. *State v. Bailey*, 298 S.C. 1, 377 S.E.2d 581 (1989) (failure to raise issue at trial waives right to complain on appeal). Furthermore, in *State v. McDaniel*, 275 S.C. 222, 268 S.E.2d 585 (1980), the Court held there was no right to be tried by a jury composed of particular individuals and therefore it is recommended that this allegation must be denied. To the extent he asserts that his counsel erred in failing to advise him concerning jury selection, at the PCR hearing, there was no issue presented concerning any juror claim. His abandonment of that claim bars his right to assert a Sixth Amendment effective assistance claim. *See Matthews v Evatt*, 105 F.3d 907, 911-912 (4th Cir 1997 )(If "it is clear that the state law would bar state review, exhaustion is not required, and federal review is precluded."). It is recommended that this allegation be dismissed.

In his final ground for *habeas* relief, he contends that the trial transcript was "prejudicial" because counsel Mauldin requested a mistrial which was not in transcript. A review of the state PCR action does not support any claim that the trial record was incomplete. His claim is not supported by any timely assertion in any post conviction setting. Because it lacks particularity about what the alleged mistrial concerned, it is recommended that this ground likewise be dismissed.

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that the Respondent's Motion for Summary Judgment **[18] should be granted.**

GEORGE C. KOSKO
UNITED STATES MAGISTRATE JUDGE

July 27, 2007

Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).